UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4335

WILLIAM WRIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-98-26-F)

Submitted: January 19, 1999

Decided: March 22, 1999

Before ERVIN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Edwin C. Walker,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Wright appeals the thirty-six-month sentence he received after the district court revoked his term of supervised release. On appeal, he alleges that the sentence is unreasonable because it is in excess of the sentencing range set out by the policy statements in Chapter 7 of the Sentencing Guidelines.[1]  Finding no error, we affirm.

Wright was originally convicted of possessing crack cocaine with intent to distribute, and his sentence included a four-year term of supervised release. Approximately one year after the term of supervised release began, Wright's probation officer filed a motion for revocation because Wright tested positive for drug use on five separate occasions and failed to participate in a drug treatment program.[2] Wright admitted these violations during his revocation hearing. The district court stated during the hearing that it had considered the policy statements in Chapter 7 but was nevertheless sentencing Wright to the statutory maximum sentence. Wright did not object to this sentence.

Because Wright did not object to the sentence during the hearing, we review his sentence for plain error and find none. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732-37 (1993). Chapter 7 policy statements "are now and always have been non-binding, advisory guides to the district courts in supervised release revocation proceedings." United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). Since Wright's sentence was within the statutory lim-

_____

[1] **U.S. Sentencing Guidelines Manual** § 7B1.4, p.s. (1997).
[2] The probation officer also alleged that Wright sold drugs while on supervised release. However, since these charges had not yet been adjudicated in state court, the district court declined to consider them during the revocation hearing.

2

its, it was not plainly unreasonable given the repeated nature of Wright's misconduct.

Accordingly, we affirm Wright's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3